UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-23728-CIV-O'SULLIVAN

[CONSENT CASE]

BISCAYNE COVE CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.

QBE INSURANCE CORPORATION,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant QBE Insurance Corporation's Motion to Dismiss Count II of the Second Amended Complaint (D.E. 38) (DE# 47, 9/21/12). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Defendant QBE Insurance Corporation's Motion to Dismiss Count II of the Second Amended Complaint (D.E. 38) (DE# 47, 9/21/12) is **DENIED** for the reasons stated herein.

## BACKGROUND

On October 18, 2010, the plaintiff, Biscayne Cove Condominium Association, Inc. ("Biscayne" or "plaintiff"), filed a two count complaint against the defendant, QBE Insurance Corporation ("QBE" or "defendant"). See Complaint (DE# 1, 10/18/10). In its initial complaint, the plaintiff alleged, inter alia, that QBE failed to sufficiently cover its insurable losses sustained during Hurricane Wilma. In Count I, the plaintiff sought declaratory relief that the damage to the windows and doors was covered under the QBE insurance policy and that a determination as to

the amount of losses be resolved through appraisal. Id. In Count II,[1] the plaintiff sought declaratory relief that "the hurricane deductible on the subject policy [was] void, and that QBE [could not] withhold any amount for Plaintiff's claim in excess of the standard policy deductible." Id. QBE moved to dismiss Count I of the Complaint (DE# 1) on the grounds that the claim was not justiciable and the request for appraisal was premature. See Defendant QBE Insurance Corporation's Motion to Dismiss and Motion for Entry of a Stay (DE# 10, 12/3/10). QBE also asked the Court to stay Count II of the Complaint (DE# 1) pending the Florida Supreme Court's resolution of QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc., No. SC09-441 (Fla.), which would determine the viability of the second count. Id. at 12-14.

On December 27, 2010, the plaintiff amended its complaint. See First Amended Complaint (DE# 11, 12/27/10). Count I of the amended complaint requested a declaratory judgment establishing that the plaintiff's glass windows and sliding glass doors were covered under the insurance policy Id. at 4-5. Count II requested a declaratory judgment establishing that the plaintiff was entitled to appraisal. Id. at 6-9. Count III requested a declaratory judgment that the hurricane deductible in the QBE insurance policy was void. Id. at 9-10. In light of this amendment, the Court dismissed as moot the defendant's motion to dismiss Count I of the Complaint (DE# 1) and the defendant's motion to stay Count II of the Complaint (DE# 1). See Order (DE# 19, 1/20/11). On January 24, 2011, the defendant moved to dismiss Count I of the Amended Complaint (DE# 11) on the ground that there was no justiciable controversy and Count II on the ground that the plaintiff's demand for appraisal was premature. See Defendant QBE Insurance Corporation's Motion to Dismiss First Amended Complaint And Motion for Entry of a Stay (DE# 20, 1/24/11). The defendant also requested that the Court stay Count III pending the Florida Supreme Court's ruling in Chalfonte. Id. at 12-14. The plaintiff did not

---

[1]The plaintiff refers to this count as "Count IV," This appears to be a scrivener's error. The undersigned will refer to this count as Count II.

2

oppose the request for stay in its response to the motion to dismiss. See Plaintiff Biscayne Cove Condominium Association's Response in Opposition to Defendant QBE Insurance Corporation's Motion to Dismiss First Amended Complaint and Motion for Entry of a Stay (D.E. 20) (DE# 21 at 1-2, 2/7/11).

Following a status conference, the Court stayed the entire case pending the outcome of Chalfonte and denied all pending motions as moot. See Administrative Order Closing Case (DE# 32, 3/16/11). In May 2012, the Florida Supreme Court resolved Chalfonte in QBE's favor, holding that "an insurer's failure to comply with the language and typesize requirements established in [Fla. Stat.] section 627.701(4)(a) does not render a noncompliant hurricane deductible provision in an insurance policy void and unenforceable, because the Legislature has not provided for this penalty." QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc., 94 So.3d 541, 554 (Fla.2012). On August 9, 2012, the plaintiff filed its motion for leave to file a second amended complaint and to lift the stay. See Plaintiff's Unopposed Motion for Leave to File a Second Amended Complaint and Lift Stay (DE# 36, 8/9/12). On August 10, 2012, the Court granted the plaintiff's motion for leave to amend and lifted the stay. See Order (DE# 37, 8/10/12).

The plaintiff filed its second amended complaint on August 10, 2012. See Second Amended Complaint (DE# 38, 8/10/12).  In Count I, the plaintiff sought declaratory relief that the damage to the windows and doors was covered under the QBE insurance policy. In Count II, the plaintiff sought declaratory relief that it was entitled to have its dispute regarding the amount of its loss resolved through the appraisal process described in the QBE insurance policy. On September 21, 2012, the defendant filed the instant motion to dismiss Count II of the plaintiff's second amended complaint on the ground that the plaintiff's demand for appraisal was premature. See Defendant QBE Insurance Corporation's Motion to Dismiss Count II of the Second Amended Complaint (D.E. 38) (DE# 47, 9/21/12). The plaintiff filed its response in

opposition to the defendant's motion to dismiss on October 8, 2012. See Plaintiff Biscayne Cove Condominium Association's Opposition to Defendant QBE Insurance Company's Motion to Dismiss Count II of the Second Amended Complaint (DE# 49, 10/8/12). On October 18, 2012, the defendant filed its reply in support of its motion to dismiss. See Defendant QBE Insurance Corporation's Reply in Support of Motion to Dismiss Count II of the Second Amended Complaint (D.E. 47) (DE# 52, 10/18/12). On November 20, 2012, the plaintiff filed its Notice of Supplemental Authority (DE# 54, 11/20/12). This matter is ripe for consideration.

## STANDARD OF REVIEW

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotations omitted).

In considering a motion to dismiss brought under FED. R. CIV. P. 12(b)(6), the Court's analysis is generally limited to the four corners of the complaint and the attached exhibits. See Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000). The Court must also accept the non-moving party's well-pled facts as true and construe the complaint in the light most favorable to that party. Caravello v. Am. Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc)). To survive a motion to dismiss, the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 678. The issue to be decided is not whether the claimant will ultimately prevail, but "whether the

claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scheuer, 468 U.S. 183 (1984).

## ANALYSIS

The defendant argues that the plaintiff's demand for appraisal is premature because the plaintiff failed to notify the defendant that the plaintiff disagreed with the defendant's estimate of the plaintiff's losses until after the instant action was filed. See Defendant QBE Insurance Corporation's Motion to Dismiss Count II of the Second Amended Complaint (D.E. 38) (DE# 47 at 4, 9/21/12). Accordingly, the defendant contends that it did not have an opportunity to investigate the claim and adjust its estimate. Id. at 4-5. The plaintiff argues that although it informed the defendant that it disagreed with the defendant's estimate of its losses after the instant action was filed, the defendant had a sufficient opportunity to investigate the claim and adjust the estimate within the approximate two years before the plaintiff filed its second amended complaint. See Plaintiff Biscayne Cove Condominium Association's Opposition to Defendant QBE Insurance Company's Motion to Dismiss Count II of the Second Amended Complaint (DE# 49 at 6, 10/8/12). The plaintiff notes that as of August 10, 2012, the date the second amended complaint was filed, the defendant has not responded to the plaintiff's notification in any manner. Id.

I.     **Disagreement Prerequisite**

There are certain prerequisites that must be met before an insured (or an insurer) can demand appraisal. See Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 774-776 (11th Cir. 2000). Because appraisal in an insurance policy is treated as an arbitration provision, "an arbitrable issue exists between parties whose agreement provides for appraisal when there is a disagreement in the dollar amount of the loss being claimed." Id. at 776 (citing United States Fid. & Guar. Co. v. Romay, 744 So. 2d 467, 469 (Fla. 3d DCA 1999) (en banc)). "[T]he disagreement necessary to trigger appraisal cannot be unilateral." Romay, 744 So. 2d at 469-

5

70. "[T]here must be an actual and honest effort to reach an agreement between the parties. . . ." Id. at 470 (internal citations omitted). Moreover, "[t]he insured must comply with all of the policy's post-loss obligations before the appraisal clause is triggered." Id. at 471. "Until these conditions are met and the insurer has a reasonable opportunity to investigate and adjust the claim, there is no "disagreement" (for purposes of the appraisal provision in the policy) regarding the value of the property or the amount of loss." Citizens Prop. Ins. Corp. v. Galeria Villas Condo. Ass'n, Inc., 48 So. 3d 188, 191 (Fla.3d DCA 2010).

It is certainly true that Florida law requires the insured to inform the insurer of any disagreement it may have and afford the insurer a reasonable opportunity to investigate and adjust the claim before appraisal may be compelled. However, "an insured may be able to remedy its post-loss and pre-filing obligations for appraisal even after it filed a lawsuit." Seagate Towers Condo. Ass'n. v. QBE Ins. Co., Order Denying Defendant's Motion to Dismiss (DE# 59 at 6 in Case No. 10-cv-81223, 11/19/12) (citing 200 Leslie Condo. Ass'n v. QBE Ins. Corp., No. 10-61984-CIV, 2011 WL 2470344, at *14 (S.D. Fla. Jun. 21, 2011)). "[I]f an insured has not demonstrated willful disregard of the policy preconditions, courts have either stayed the action or dismissed the suit without prejudice in order to allow belated compliance. El-Ad Enclave at Miramar Condo. Ass'n, Inc. v. Mt. Hawley Ins. Co., 752 F. Supp. 2d 1282 (S.D. Fla. 2010) (citing Central Metal Fabricators v. Travelers Indem. Co. of Am., 703 So.2d 1251, 1251 (Fla. 3d DCA 1998) (staying claim pending compliance with examination under oath); Southgate Gardens Condo. Ass'n, Inc. v. Aspen Specialty Insur. Co., 622 F. Supp. 2d, 1332, 1337 (S.D. Fla. 2008) (dismissing suit without prejudice to allow belated compliance is "most prudent course of action")). Failure to respond to an insured's attempt to fulfill post-loss obligations may result in de facto disagreement between the parties. See 200 Leslie, 2011 WL 2470344, at *14.

In Seagate Towers, a similar action filed against the defendant in our case, a condominium association sued the defendant for failure to sufficiently cover its insurable losses

6

sustained during Hurricane Wilma. See Seagate Towers, No. 10-cv-81223 [DE# 59] at 2. The plaintiff in that case sought appraisal without first informing QBE that it disagreed with QBE's assessment of that plaintiff's loss. Id. The plaintiff in that case did, however, send QBE a letter the day after that plaintiff filed suit. Id. The letter stated the plaintiff's disagreement with QBE's assessment and demanded the parties resolve their dispute through appraisal. Id. QBE filed a motion to dismiss on the ground that the plaintiff's appraisal demand was premature and also moved to stay in part. Id. The plaintiff in that case amended the complaint and QBE filed another motion to dismiss and motion to stay. Id. This Court stayed the action and denied QBE's motion to dismiss as moot, providing that "[t]his order shall not prejudice the rights of the parties to this litigation." Id. at 3. After nearly 17 months, this Court in Seagate Towers lifted the stay and granted the plaintiff leave to file a second amended complaint. Id. at 3. Again, QBE filed a motion to dismiss on the ground that the demand for appraisal was premature. Id. at 3. This Court in Seagate Towers held that although the plaintiff's initial demand for appraisal was premature, QBE's failure to respond to the plaintiff's demand for over two years satisfied the disagreement prerequisite necessary to render the appraisal provision operative. Id. at 8 (internal citation omitted).

Similarly here, the plaintiff informed the defendant through a letter dated October 19, 2010 that it disagreed with the defendant's estimate of its losses. See Plaintiff Biscayne Cove Condominium Association's Opposition to Defendant QBE Insurance Company's Motion to Dismiss Count II of the Second Amended Complaint (DE# 49 at 6, 10/8/12).

In its second amended complaint, the plaintiff alleges, inter alia, that:

By letter dated October 19th, 2010, Plaintiff advised QBE that it disagreed with QBE's position that the amount of the insured loss was under the deductible, and demanded that this dispute concerning the amount of this loss be resolved through the appraisal process described in the subject QBE insurance policy. At the same time, Plaintiff filed a Civil Remedy Notice of Insurer Violation with the Florida Department of Financial Services where it explained that it believed QBE had mishandled its claim. In that document, Plaintiff indicated that it was

>     prepared to comply with all applicable post-loss obligations if QBE chose to
>     invoke them.

See Second Amended Complaint (DE# 38 at 10, 8/10/12). The letter was sent a day after the instant action was filed. See Plaintiff Biscayne Cove Condominium Association's Opposition to Defendant QBE Insurance Company's Motion to Dismiss Count II of the Second Amended Complaint (DE# 49 at 6, 10/8/12). The plaintiff further alleges that "[t]o date, QBE has not responded to that letter, identified an appraiser, or otherwise taken any measures necessary to resolve this dispute through the contractual appraisal process." See Second Amended Complaint (DE# 38 at 10, 8/10/12). Over two years have passed since the plaintiff advised the defendant that it disagreed with the defendant's assessments of the plaintiff's losses. Accordingly, the undersigned finds that the defendant has had a reasonable opportunity to investigate and adjust the claim and that therefore the disagreement prerequisite for appraisal has been met.

## II.     Applicability of Florida Statute 627.70131(5)(a)

The plaintiff maintains that "the Florida Legislature amended [s]ection 627.70131(5)(a), Florida Statutes (2011) to provide a presumptive 90 day deadline for an insurer to respond to 'supplemental or reopened' property insurance claims." See Plaintiff Biscayne Cove Condominium Association's Opposition to Defendant QBE Insurance Company's Motion to Dismiss Count II of the Second Amended Complaint (DE# 49 at 8, 10/8/12). While the plaintiff admits that its claim predates the enactment of those amendments, it argues that "the statute has now been in effect during the period of time after this claim was reopened" and that accordingly, "applying the statute during that period of time would not result in retroactive application." Id. The plaintiff further argues that even if the amendments to the statute are not directly applicable, the amendments themselves demonstrate that the defendant's disregard of the plaintiff's notification that it disagreed with the defendant's assessment of the plaintiff's loss

followed by the defendant's assertion that the plaintiff's demand for appraisal is premature two years later is offensive to Florida's public policy. Id.

The defendant notes that the amendments to section 627.70131(5)(a) became effective on May 17, 2011, which was months after the plaintiff's supplemental claim arose in October 2010.  See Defendant QBE Insurance Corporation's Motion to Dismiss Count II of the Second Amended Complaint (D.E. 38) (DE# 47 at 3, 9/21/12). Accordingly, the defendant argues that the statutory amendments do not apply to this case.

Some courts have found that section 627.70131 does not apply to Hurricane Wilma claims because the hurricane predated the enactment of the statute. See, e.g., Hartford Cas. Ins. Co. v. 600 La Peninsula Condo. Ass'n, Inc., No. 2:09-cv-501-FtM-29SPC, 2010 WL 2431858, at *2 (M.D. Fla. Jun. 15, 2010) (citing QBE Ins. Corp. v. Dome Condo. Ass'n, Inc., 577 F. Supp. 2d 1256, 1261-62 (S.D. Fla. 2008) (finding that the plaintiff in that case was precluded from bringing a separate cause of action based solely on section 627.70131 because its claims arose after the hurricane in 2005)).

Generally, statutes do not apply to claims that arise before they are enacted unless the legislature clearly expresses that intent. Shwab v. Doyle, 258 U.S. 529, 534, 537 (1922) (also stating that "a statute should not be given a retrospective operation unless its words make that imperative") "It is a well established rule of statutory construction that, in the absence of an express legislative statement to the contrary, an enactment that affects substantive rights or creates new obligations or liabilities is presumed to apply prospectively." Hassen v. State Farm Mut. Auto. Ins. Co., 674 So. 2d 106, 108 (Fla. 1996). Moreover, a court should not "divine an intent that a new law be applied to disturb existing contractual rights or duties when there is no express indication that such is the legislature's intent." Id. (citing Walker & LaBerge, Inc. v. Halligan, 344 So. 2d 239, 243 (Fla.1977). "Consistent with these rules of construction, it is generally accepted that the statute in effect at the time an insurance contract is executed

9

governs substantive issues arising in connection with that contract." Id.

The amendments to section 627.70131 became effective several months after the plaintiff filed its initial claim against the defendant. The insurance agreement between the plaintiff and the defendant was also executed before the statutory amendments became effective. Moreover, the events giving rise to the plaintiff's claim occurred several years before the effective date of the amendments. There is no express legislative statement that the amendments to section 627.70131 should apply to claims arising before its effective date. Accordingly, the undersigned finds that the 2011 statutory amendments to section 627.70131(5)(a) of the Florida statutes are not applicable here.

DONE AND ORDERED in Chambers at Miami, Florida, this **14th** day of January, 2013.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record