UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-23728-CIV-O'SULLIVAN

[CONSENT]

BISCAYNE COVE CONDOMINIUM ASSOCIATION INC.
A Florida Corporation,

      Plaintiff,

v.

QBE INSURANCE CORPORATION
A Pennsylvania Corporation,

      Defendant.

_____/

## ORDER

THIS MATTER comes before the Court on the Plaintiff Biscayne Cove Condominium Association's Motion to Strike Defendant QBE Insurance Corporation's Demand for Trial by Jury (DE# 102, 4/5/2013) and the Plaintiff Biscayne Cove Condominium Association's Motion in Limine to Prevent Defendant QBE Insurance Corporation from Presenting Evidence Concerning Causation of Damage and Valuation Regarding the Underlying Insurance Claim (DE# 103, 4/5/2013).

## BACKGROUND

On April 5, 2013, Biscayne Cove Condominium Association Inc. ("Biscayne" or "plaintiff") filed the Plaintiff Biscayne Cove Condominium Association's Motion to Strike Defendant QBE Insurance Corporation's Demand for Trial by Jury (DE# 102, 4/5/2013). On April 25, 2013, QBE Insurance Corporation ("QBE" or "defendant") filed its response. See Defendant's Response in Opposition to Plaintiff's Motion to Strike Defendant's Demand for Jury Trial (D.E. 102) (DE# 109, 4/25/2013). On May 6, 2013,

the plaintiff filed its reply. <u>See</u> Plaintiff Biscayne Cove Condominium Association's

Reply to Defendant QBE Insurance Corporation's Opposition to Plaintiff's Motion to

Strike QBE's Demand for Trial by Jury (DE# 119, 5/6/13).

On April 5, 2013, the plaintiff also filed the Plaintiff Biscayne Cove Condominium

Association's Motion in Limine to Prevent Defendant QBE Insurance Corporation from

Presenting Evidence Concerning Causation of Damage and Valuation Regarding the

Underlying Insurance Claim (DE# 103, 4/5/2013). On May 3, 2013, the defendant filed

its response. <u>See</u> Defendant's Response to the Plaintiff's Motion in Limine to Prevent

Evidence Concerning Causation of Damage and Valuation Regarding the Underlying

Insurance Claim (D.E. 103) (DE# 117, 5/3/2013). On May 6, 2013, the plaintiff filed its

reply. <u>See</u> Plaintiff Biscayne Cove Condominium Association's Reply to the Defendant

QBE Insurance Corporation's Opposition to Plaintiff's Motion in Limine (DE# 120,

5/6/2013). This matter is ripe for consideration.

## <u>ANALYSIS</u>

### 1.    Jury Trial

The plaintiff seeks to strike the defendant's demand for a jury trial. <u>See</u> Plaintiff

Biscayne Cove Condominium Association's Motion to Strike Defendant QBE Insurance

Corporation's Demand for Trial by Jury (DE# 102, 4/5/2013). The right to a jury in an

action for declaratory judgment is preserved for both parties. <u>Beacon Theatres Inc. v.</u>

<u>Westover</u>, 359 U.S. 500, 504 (1959). In interpreting <u>Beacon Theatres</u>, the Eleventh

Circuit has stated that "the right to a jury trial in a declaratory judgment action depends

on whether there would have been a right to a jury trial had the action proceeded

without the declaratory judgment vehicle." <u>St. Paul Fire and Marine Ins. Co. v. Lago</u>

Canyon, Inc., 561 F.3d 1181, 1198 (11th Cir. 2009) (Wilson, J., concurring). An action for declaratory judgment was not available at common law and is often viewed as neither legal or equitable, but sui generis. Pac. Indem. Co. v. McDonald, 107 F.2d 446, 448 (9th Cir. 1939); Twp. of Haddon v. Royal Ins. Co., 929 F. Supp 774, 778 (D. N.J. 1996); see 9 Fed. Prac. & Proc. Civ. § 2313 (3d ed.). Therefore, in order to determine if a jury trial is appropriate for this declaratory action the Court must determine if the plaintiff would have sought a legal or equitable remedy if it was not possible to seek a declaratory judgment. See Simler v. Conner, 372 U.S. 221, 222-23 (1963). A suit for specific performance typically lies in equity, whereas damages are a legal remedy. See Texas v. New Mexico, 482 U.S. 124, 131 (1987).

The plaintiff argues that there is no right to a jury trial in an action for declaratory relief and points to several cases within the district where the demand for a jury trial was stricken. See Plaintiff Biscayne Cove Condominium Association's Motion to Strike Defendant QBE Insurance Corporation's Demand for Trial by Jury (DE# 102 at 1-2, 4/5/13) (citing Cypress Chase Condo. Ass'n v. QBE Ins. Corp., No. 10-61987-CIV, 2013 WL 1191413, at *8-9 (S.D. Fla. Mar. 22, 2013); 200 Leslie Condo. Ass'n v. QBE Ins. Corp., Order Granting Plaintiff's Motion to Strike Defendant's Demand for Jury Trial (DE# 200 at 4 in Case No. 10-cv-61984, 1/14/2013); Garden-Aire Village South Condo. Ass'n v. QBE Ins. Corp., Order Granting in Part Motion for Evidentiary Hearing and to Strike Jury Demand (DE# 123 at 2 in Case No. 10-cv-61985, 11/5/2012); Jin Zhi Lt. LLC v. American Zurich Ins. Co., Order Denying Motions for Summary Judgment (DE# 53 at 2 in Case No. 08-cv-61191, 1/14/2009); Jacobs v. Nationwide Mutual Fire Ins. Co., No. 97-1485-CIV, 2002 WL 34543222, at *8 n.1 (S.D. Fla. Sept. 10, 2002)).

3

In its response, the defendant acknowledges these cases within the district (DE# 109 at 1, 4/25/2013), but asserts nonetheless that it remains entitled to a jury trial. Id. at 2. The defendant states that there is a policy preference for jury trials and that the Declaratory Judgment Act preserves the right to a jury trial. Id.; see Beacon Theatres, 359 U.S. at 506. The defendant asserts that the Court must look at this case and determine if it would be an action in equity or law if Congress had not created an action for declaratory judgment. See Defendant's Response in Opposition to Plaintiff's Motion to Strike Defendant's Demand for Jury Trial (D.E. 102) (DE# 109 at 2, 4/25/2013). The defendant maintains that the plaintiff's claim has not ripened and an equitable remedy was not available at the time the suit was filed. Id. at 4. According to the defendant, the plaintiff should be pursuing an action for breach of contract and thus a jury is warranted in the instant case. Id. at 6.

In its reply the plaintiff notes that the defendant has failed to identify any authority that supports a right to a jury trial in an action for declaratory relief. See Plaintiff Biscayne Cove Condominium Association's Reply to Defendant QBE Insurance Corporation's Opposition to Plaintiff's Motion to Strike QBE's Demand for Trial by Jury (DE# 119 at 1, 5/6/2013). In addressing the defendant's argument that the case is not ripe, the plaintiff argues that the Court already addressed this issue in its Order denying QBE's motion to dismiss. Id. at 2. The plaintiff also disagrees with the defendant's assertion that the plaintiff's claim is for breach of contract. The plaintiff asserts that a declaratory action is not a breach of contract claim as the defendant argues. Id.

The defendant's argument that this action is not ripe has already been rejected by this Court. On September 21, 2012, the defendant moved to dismiss Count II of the

plaintiff's amended complaint on the ground that the plaintiff's demand for appraisal was premature. See Order (DE# 56 at 3, 1/14/2013). The Court denied the motion. Id. at 1. Given that the Court has already addressed the issue of ripeness, there is no need to address it further.

The Court agrees with the plaintiff that a jury trial is not warranted in the instant action. "Declaratory relief may be legal or equitable depending on the basic nature of the underlying issues." United States v. New Mexico, 642 F.2d 397, 400 (10th Cir. 1981). In Count II of the plaintiff's Second Amended Complaint (DE# 38 at 9, 8/10/2012), the plaintiff seeks a declaratory judgment to determine whether it is entitled to have the parties' valuation dispute resolved through the appraisal process as described in the QBE insurance policy. Second Amended Complaint (DE# 38 at 9, 8/10/2012). In short, the plaintiff seeks a declaratory judgment that will compel the appraisal process. Id. Specific performance is an equitable remedy. La Gorge Palace Condo Ass'n, Inc. v. QBE Ins. Corp., 733 F. Supp.2d 1332, 1334 (S.D. Fla. 2010). There is no jury in a case for an equitable remedy. See Tull v. United States, 481 U.S. 412, 417 (1987). Thus, the defendant is not entitled to a jury trial. See Jacobs v. Nationwide Mutual Fire Ins. Co., No. 97-1485-CIV, 2002 WL 34543222, at n.1 (S.D. Fla. Sept. 10, 2002). Accordingly, the defendant's demand for a jury trial is hereby **STRICKEN**.

**2.      Motion in Limine**

In its motion in limine, the plaintiff seeks to preclude the defendant from introducing certain evidence at trial. See Plaintiff Biscayne Cove Condominium Association's Motion in Limine to Prevent Defendant QBE Insurance Corporation from

Presenting Evidence Concerning Causation of Damage and Valuation Regarding the
Underlying Insurance Claim (DE# 103, 4/5/2013). A motion in limine is a pretrial effort
to prevent the admission of evidence. Stewart v. Hooters of America, Inc., No.
8:04-cv-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007). A motion in
limine is traditionally disfavored because questions of admissibility should be dealt with
at trial. Id. The purpose of a motion in limine is to give the judge notice of a party's
desire to prevent the introduction of damaging evidence that may impact the fairness of
a trial. Id.  In practice, federal district courts have the authority to make in limine rulings
pursuant to their authority to manage trials. Luce v. United States, 469 U.S. 38, 41 n.4
(1984). In order to exclude evidence in limine it must be inadmissible on all potential
grounds. Hawthorne Partners v. AT & T Technologies, 831 F.Supp. 1398, 1400 (N.D.
Ill. 1993). A ruling in favor of a motion in limine can always change at the Court's
discretion during the course of trial.  Luce, 469 U.S. at 41-42. Furthermore, a denial of a
motion in limine does not necessarily mean the information will be admitted at trial.
Hawthorne Partners, 831 F.Supp. at 1401. Rather, a denial means the Court cannot
make the decision about the admissibility of the evidence outside the context of trial.
United States v. Connelly, 874 F.2d 412, 416 (7th Cir.1989).

The plaintiff asserts that the declaratory judgment it seeks involves narrow
legal issues and the evidence involving the causation of damage and the valuation of
the underlying insurance claim are irrelevant to the issues before this Court. Plaintiff
Biscayne Cove Condominium Association's Motion in Limine to Prevent Defendant
QBE Insurance Corporation from Presenting Evidence Concerning Causation of
Damage and Valuation Regarding the Underlying Insurance Claim (DE# 103 at 1,

6

4/5/2013). In the instant case, the plaintiff's property was damaged during Hurricane Wilma and the defendant does not dispute that the QBE insurance policy would cover the plaintiff's loses from the storm. Id. at 3.The plaintiff argues that the Court should apply the

Florida Supreme Court ruling that covered losses are an amount-of-loss question for an appraisal panel. See Johnson v. Nationwide, 828 So. 2d 1021, 1022 (Fla. 2002) (holding that causation is a question for the court when an insurer denies coverage but an amount-of-loss question for the appraisal panel when there is no dispute over coverage). According to the plaintiff, the amount of loss should be resolved through the appraisal process as provided by the QBE insurance policy and it is unnecessary for the Court to consider evidence about causation and valuation at trial.

The defendant maintains that the evidence the plaintiff wishes to exclude in limine is relevant to determining whether the plaintiff committed fraud. See Defendant's Response to the Plaintiff's Motion in Limine to Prevent Evidence Concerning Causation of Damage and Valuation Regarding the Underlying Insurance Claim (D.E. 103) (DE# 117 at 2, 5/3/2013). The defendant believes this evidence is crucial to determining "the accuracy, truthfulness, or completeness of Plaintiff's representations to QBE." Id. at 3. In responding to the plaintiff's concerns about the potential use of this evidence the defendant stated that "QBE does not seek to utilize these experts for a full blown trial." (DE# 117 at 4, 5/3/2013). The defendant also cites to other QBE cases within the district where a similar motion in limine was denied because the Court found that the information was relevant in regards to certain issues. Id.

In <u>Garden-Aire</u>, the plaintiff filed a motion similar to the motion in the instant case. <u>See</u> <u>Garden-Aire Village South Condo. Ass'n. v. QBE Ins. Corp.</u>, Plaintiff Garden Aire Village South's Motion in Limine to Prevent QBE Insurance Corporation from presenting Evidence Concerning Valuation or Causation of the Underlying Insurance Claim (DE# 116 at 1 in Case No. 10-cv-61985, 10/29/2012). At the hearing on the motion, the plaintiff made the argument that the defendant failed to make a proper fraud claim and thus the evidence should be excluded. <u>Garden-Aire Village South Condo. Ass'n. v. QBE Ins. Corp.</u>, Transcript of bench trial (excerpt) held on 12-27-2012 before Judge William P. Dimitrouleas (DE# 153 at 9-10 in Case No. 10-cv-61985, 12/30/12). Judge Dimitrouleas concluded that the plaintiff's "objections go to the weight of the testimony, not necessarily the admissibility." <u>Id.</u> at 10.

In <u>200 Leslie</u>, the Court deferred ruling on the plaintiff's motion in limine and determined evidence regarding valuation and causation would be allowed to support the defendant's affirmative defenses. <u>200 Leslie Condo. Ass'n v. QBE Ins. Corp.</u>, Order Re: Pretrial Conference (DE# 184 at 1 in Case No. 10-cv-61984, 1/7/2013). The Court in <u>200 Leslie</u> ruled that the experts on the issues of causation and valuation the plaintiff sought to exclude were allowed to testify but only in regards to the defendant's affirmative defenses. <u>See</u> <u>200 Leslie Condo. Ass'n v. QBE Ins. Corp.</u>, Transcript of Bench Trial held on 01/22/2013 before Magistrate Judge Alicia M. Otazo-Reyes (DE# 215 at 239 in Case No. 10-cv-61984, 2/1/2013). The Court reached a similar result in <u>Cypress Chase</u>. <u>See</u> <u>Cypress Chase Condo. Ass'n. v. QBE Ins. Corp</u>, Order (DE# 144 at 17 in Case No. 10-61987, 3/22/2013). In that case, the Court "allow[ed] evidence on the causation or valuation of the underlying insurance claim in so far as it relate[d] to

8

QBE's remaining Affirmative Defenses." Id.

In the instant case, the defendant will be allowed to present evidence on causation and valuation as it relates to the affirmative defense of fraud. Evidence regarding valuation and causation is necessary to determine if the plaintiff made purposeful misrepresentations to QBE. Evidence regarding causation and valuation, however, is not relevant to the other issues of this action for declaratory judgment. As stated in Johnson, issues of valuation should be left to the appraisal panel when the insured does not dispute coverage. Johnson, 828 So. 2d at 1022. In accordance with the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiff Biscayne Cove Condominium Association's Motion to Strike Defendant QBE Insurance Corporation's Demand for Trial by Jury (DE# 102, 4/5/2013) is **GRANTED**. It is further

ORDERED AND ADJUDGED that the Plaintiff Biscayne Cove Condominium Association's Motion in Limine to Prevent Defendant QBE Insurance Corporation from Presenting Evidence Concerning Causation of Damage and Valuation Regarding the Underlying Insurance Claim (DE# 103, 4/5/2013) is **GRANTED in part and DENIED in part**.

DONE AND ORDERED in Chambers, in Miami, Florida, this **12th** day of June, 2013.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record

9